UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HARRY C. BISHOP, III, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:11-cv-00023-GZS |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, | ) |
| | ) |
| Defendants | ) |

**ORDER RECOMMENDING DISMISSAL OF 42 U.S.C. § 1983 COMPLAINT**

Plaintiff Harry Bishop, III is pursuing a civil rights action against Correctional Medical
Services.  This is his second action against this defendant and both actions concern medicine
pulverization at the Cumberland County Jail either by employees of the defendant or jail
correctional staff.  Both complaints are extremely sparse and simply complain that medications
were pulverized rather than in complete pill form when administered to Bishop.  The prior
action, Bishop v. Correctional Medical Services, 2:10-cv-00019-GZS, resulted in a judgment of
dismissal on March 10, 2010.   In the most recent docket order in this current case, I notified
Bishop that he had until February 24, 2011, to notify the court whether or not he wanted to incur
the cost of the filing fee as required by the PLRA.  (Doc. No. 5.)   In a preceding order I had
warned that if Bishop did not comply with the order to file an amended in forma pauperis
application or pay the filing fee I would issue a recommendation that this action be dismissed for
failure to prosecute. (Doc. No. 3 at 1.)  I further cautioned Bishop he might seriously want to
consider filing an amended complaint that provided further details.  I reminded Bishop of his
earlier litigation and forwarded to him a copy of my prior recommended decision.  (Id. at 2-3.)

Bishop did file an amended *in forma pauperis* application.  I then gave Bishop until February 24, 2011, to notify the court about his intent to proceed with this litigation and to provide some further factual allegations that would explain the background to this apparently longstanding dispute about the pulverization of medicines.   Bishop has not further communicated with the court nor has he ever provided the court with an amended complaint explaining the factual details. He complains that his tongue is numb and he has lost "taste," but in terms of harm within the meaning of the Eighth Amendment's cruel and unusual punishment provision, this complaint is devoid of factual content.  Bishop does not even begin to explain what serious medical needs have been neglected over the past year as a result of his dispute about medicine pulverization.  Under the pleading standard set forth in <u>Ashcroft v. Iqbal</u>, 556 U.S. __, 129 S.Ct. 1937 (2009) this complaint is woefully inadequate.  In view of the history of this case and Bishop's prior litigation in this court, I recommend that the court dismiss this action because of its failure to state a claim.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 7, 2011